Wilson *vs.* The State.

WALTER WILSON, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. To accomplish sexual intercourse with a virtuous woman pending a virtuous engagement to marry her, may be seduction, though consent be obtained without other persuasion than that which is implied (considering the past courtship and present relation of the parties) in proposing the intercourse and repeating the promise of marriage.

2. In charging the jury, the whole section of the Code relating to the offense of seduction may be read. The court is not obliged to omit that part which provides for merging the prosecution in marriage.

3. A proper correction of counsel's mistake in quoting the testimony, accepted also at the time as proper, is no cause for new trial.

4. Where the jury are all present at the return of a verdict, the omission of one name by the clerk in calling over the panel, is not cause for new trial.

Criminal Law. Seduction. Laws. Charge of Court. Practice in the Superior Court. Jury. Before Judge Bartlett. Morgan Superior Court. September Term, 1876.

Wilson was placed on trial for the crime of seduction. He pleaded not guilty. The jury found to the contrary. He moved for a new trial upon the following grounds, to-wit:

1. Because the court refused to charge the jury as follows: "To authorize a conviction of seduction, under the Code of Georgia, there must be proof of persuasion and promises of marriage. Proof of persuasion, unless there be proof of promises of marriage also, is not sufficient; nor is the proof of promises of marriage, unless there be also proof of persuasion, sufficient to authorize a conviction."

2. Because the court erred in this: When Mr. Foster, of counsel for defendant, in his argument to the jury, repeated a part of what he considered to be the evidence of James Ainslie, the father of the girl alleged to have been seduced, as follows: "Her own father says he, Walter Wilson, was not her suitor," the court interrupted him, saying, in the hearing of the jury, "Mr. Foster, I do not think the witness said so; he said that he did not know the defendant was visiting his daughter as a suitor, but the jury will recollect the evidence." To which counsel replied that he accepted the correction of the court.

Defendant insists that in this the court expressed an opinion upon the evidence and stated what, in its opinion, had and had not been proved.

[The brief of evidence, as agreed on and approved, shows the court to have been correct in its recollection of the testimony.]

3. Because the court read, in its charge, in connection with the first part of §4371 of the Code, the latter portion,

as follows: " The prosecution may be stopped at any time by the marriage of the parties, or a *bona fide* and continuing offer to marry on the part of the seducer."

4. Because the court erred in overruling a motion in arrest of judgment, based upon the following facts: When the jury returned into the court-room with their verdict, upon their names being called, only eleven answered; whereupon the clerk called the name of a juror who had already answered, but who again responded, when the sheriff, who was making the count, responded " twelve." Thus it was shown that there were, in fact, but eleven jurors present.

. The state proved that there was one juror present whose name was, by inadvertence, not called at all, thus accounting for the twelfth man.

The motion was overruled, and the defendant excepted.

J. A. BILLUPS; A. G. & F. C. FOSTER, for plaintiff in error.

J. W. PRESTON, solicitor general, by JACKSON & LUMPKIN; McHENRY & McHENRY, for the state.

BLECKLEY, Judge.

1. Even in penal statutes, the conjunction *and* is sometimes construed disjunctively as the equivalent of *or*—Bishop on Statutory Crimes, §243. Without invoking this rule, however, the terms of the Code, §4371, touching " persuasion and promises of marriage " as means of seduction, may be satisfied by courtship or wooing, resulting in an engagement to marry, and by the successful use of that engagement, on the part of the suitor, to accomplish the ruin of a virtuous and confiding woman. Where consent to criminal intercourse is part of the original betrothal, and is procured solely by the undertaking to marry, the transaction may be mere coarse and corrupt traffic; but where consent is given, pending a virtuous engagement, in consequence of a repetition of a promise to marry already made

Wilson *vs.* The State.

and accepted, the woman yielding in reliance on the plighted faith of her lover, and he intending that she shall trust and be deceived, the case is one of seduction. To make love to a woman, woo her, make honorable proposals of marriage, have them accepted, and afterwards to undo her under a solemn repetition of the engagement vow, is to employ persuasion as well as promises of marriage. In this case, after the section of the Code applicable to the offense was read to the jury, there was no occasion to remind them that both persuasion and promises were necessary to a conviction, and the refusal to do so at the prisoner's written request was not error; more especially as the request was not, in its whole scope, an accurate statement of the law of seduction.

2. In charging the jury on seduction, it is the privilege, if not the duty, of the court to read the entire section of the Code which relates to the subject. It is not apparent that the prisoner was, or could have been, injured by allowing the reading to be continued through that part of the section which declares that " the prosecution may be stopped at any time by the marriage of the parties, or a *bona fide* and continuing offer to marry, on the part of the seducer."

3. When counsel for the prisoner, in his argument to the jury, misquotes the testimony and is corrected by the judge, of his own motion, and accepts the correction, and the judge is in fact right and the counsel wrong, the interference is not cause for new trial—43 *Ga.*, 368.

4. For the clerk, by mistake, on the return of a verdict, to call one member of the jury twice and omit to call another, is not cause for new trial, though the mistake was unnoticed by the prisoner or his counsel until after the jury were discharged. As the whole twelve served on the trial, concurred in the verdict, were present at its return, and heard it read out in open court, the clerk's misreading of the list was immaterial.

Judgment affirmed.