### 2220. WOODALL *v.* THE STATE.

The assigments of error relating to the charge are not meritorious. The verdict was amply supported by the evidence, and there was no error in refusing a new trial.

Indictment for seduction; from Gordon superior court—Judge Fite. September 16, 1909.

*F. A. Cantrell, G. A. Coffee, Thomas W. Milner & Son,* for plaintiff in error. *Thomas C. Milner, solicitor-general,* by *George W. Stevens, T. W. Skelly, M. B. Eubanks,* contra.

RUSSELL, J. The defendant was convicted of the offense of seduction. Error is assigned upon the charge of the court in three particulars. It is insisted that the court erred in charging the jury that "conduct showing a debauched mind may be considered by the jury, in determining whether she had parted with her virginity before the alleged seduction," because this instruction was

incomplete and misleading, and "the court should have, in connection with this charge, instructed the jury that want of moral chastity may also be regarded on the question of whether the woman, though a virgin, was really seduced, or whether she shared the intercourse for the gratification of lascivious propensities not inflamed by the arts and importunities of the accused." There is no error in the charge as given, nor is it incomplete or misleading. It does not, it is true, present the principle that circumstances indicating that the female was induced to share the intercourse merely on account of her lascivious propensities and love of sexual intercourse would not afford a basis for the offense of seduction; but if the instruction of the court, as a whole, did not include this idea, the presentation of this principle should have been requested. Nothing is better settled than that an assignment of error, as against a charge itself embodying a sound principle of law, can not be sustained merely because the court did not present some other principle of law which may likewise have been applicable. The charge complained of did not have the effect of excluding from the consideration of the jury any facts or circumstances which might have tended to show that the female in question was not seduced by the accused, but rather was induced to consent to intercourse because of her lascivious propensities. So far as the charge went, it was sound law and favorable to the defendant, and, as above stated, if the defendant desired a specific principle presented, as to the omission of which he now complains, he could have requested it. It is unlikely that the jury were misled, however, by the omission of the desired instruction which was not requested; because the effect of this instruction would simply be to direct the attention of the jury to the fact that the criminal act would be fornication, instead of seduction; and the defendant in the present case did not deny the sexual intercourse, and thereby admitted his guilt of the lesser offense of fornication.

There is no merit in the contention that the judge should have instructed the jury as to the meaning of the words, "a virtuous engagement to marry," nor in the exception to that part of the charge in which he told them that if a virtuous engagement to marry existed, it was not essential for the proof to show that a date had been set for the solemnization of the marriage ceremony. The third complaint as to the charge is that the judge committed error in

omitting to charge the jury that "if a single woman allowed an unmarried man to have sexual intercourse with her, solely because of a promise by him to marry her in the event she became pregnant, it was purely a meretricious transaction, and not a case of seduction." This embodies a sound principle of law, and could appropriately have been given if it had been requested. No such request, however, was made, and the principle contained in the language quoted was presented to the jury when the court instructed them that "intercourse brought about by promise of marriage only is not seduction." This disposes of the special grounds of the motion for new trial.

Upon a review of the evidence, absolutely nothing appears which would warrant this court in reversing the judgment refusing a new trial upon the ground that the verdict, for want of evidence, is contrary to law. It is only in such a case that this court has jurisdiction to operate in the domain of facts. The female in question appears to have been an artless young woman, living in the country, about twenty-two years of age, whose first two meetings with the defendant were at Sunday-school and church. From the oral argument delivered before this court, the writer gathered the impression that the female in question was a woman of mature years and the accused a lad of tender years, who was more sinned against than sinning. This view of the case was strongly stressed. Investigation of the record, however, shows the age of the woman to be as above stated; but there is nothing to indicate that the defendant is not a man of mature years, except the terms of endearment applied to him in the letters which were introduced in evidence. The young lady says that she met the defendant and was introduced to him on Christmas eve, 1905. He visited her frequently from that time until the 28th of April, when they first became engaged. He had courted her before that. It is true that she says that she does not remember what was said at the time she engaged herself to marry him, but she says positively that an engagement to marry was made about April 28, 1906. From April until August he was continually visiting her all the time. It was not until August that she yielded to his importunities and allowed him to have sexual intercourse with her. At the time of the first intercourse, as well as on the other occasions, he repeated the promise to marry and his protestations of love, and she says she was

induced to yield by this and by her love for him. The testimony of the injured female was a little indefinite, and perhaps somewhat contradictory upon cross-examination, as to the engagement and as to the cause of the sexual intercourse; but when testifying in chief and upon redirect examination, she testified unequivocally that she was induced to consent to the intercourse by persuasions and promise of marriage, after there was a valid subsisting engagement to marry, and upon her faith in this promise, based upon her love and confidence in the defendant. The jury saw the witness upon the stand, and can well be trusted to determine whether the minor conflicts apparently in the testimony were due to the unreliability of the witness, or to the stress of skilful cross-examination. If they believed her testimony in chief, every essential of the offense of seduction was clearly proved. Moreover, it is worthy of note that, without objection upon the part of the defendant, several witnesses sustained the young lady's character for virtue and propriety, and no evidence was offered which cast a single blot upon her fair name prior to the alleged seduction. The defendant's flight and absence for two years was unexplained, and the letters introduced by him did not contain any language which would support the inference that the young lady alleged to have been seduced was soliciting sexual intercourse by referring thereto. They apparently evidence the ebullition of an uneducated country girl, who was deeply in love with the defendant, and who was fearful of losing him, and who was employing every little womanly art which was familiar to her limited vision to retain his affection and make him her hus- band. The terms of endearment are, perhaps, much sweeter than the object of them deserved, even if he had loved in return; but it must be remembered that there are few love letters that appear ab- solutely appropriate to other eyes than those of the interested pair. We have considered the argument that the woman seduced the man, and the insistence that the intercourse in question was induced at best by nothing more than a promise to marry in case of pregnancy, and we find neither supported. The defendant seems to have had a fair trial, and all presumptions are in favor of the verdict. He should congratulate himself upon the lightness of the sentence im- posed in punishment of one of the most horrible crimes, and one which the violator of the law could have repaired.

*Judgment affirmed.*