BUCHMAN *v.* INSURANCE COMPANY OF NORTH AMERICA.

BECK, J. It appearing from the evidence introduced by the plaintiff, who sued upon a policy of fire insurance, that there had not been even a substantial compliance with the terms of the promissory warranty contained in the "iron-safe clause" providing that "The assured will keep a set of books, which shall clearly and plainly present a complete record of business transacted, including all purchases, sales, and shipments, both for cash and credit, from date of inventory as provided for in first section of this clause, and during the continuance of this policy," and

compliance by the assured with this part of the contract of insurance being one of the conditions upon which, by the express terms of the contract, the validity of the policy is made to depend, the court did not not err in directing a nonsuit at the conclusion of the testimony offered by the plaintiff. *Southern Fire Ins. Co.* v. *Knight,* 111 *Ga.* 622 (36 S. E. 821, 52 L. R. A. 70, 78 Am. St. R. 216).

*Judgment affirmed. All the Justices concur.*

MAY 11, 1910.

Action upon insurance policy. Before Judge Pendleton. Fulton superior court. March 17, 1909.

The policy sued on was written to cover a stock of merchandise consisting of dry goods, clothing, shoes, etc., for one year from April 28, 1906. It contained the usual iron-safe clause (see 98 *Ga.* 760). The only inventory was one made in February, 1906, by a receiver in bankruptcy, from whom the stock of goods was bought by the plaintiff's vendor, Stovall, who made purchases and sales for about three weeks and then sold the stock to the plaintiff, about the middle of April, for $6,352.30. For two months or more the only book kept by the plaintiff, showing purchases or sales, was a small memorandum book containing brief entries of total cash sales per week, there being no credit sales. In July he opened a cash book and ledger, but the entries in the cash book were made in manner similar to those in the small book first mentioned, showing only the totals per week, the clerk's sales tickets having been destroyed upon making the entries in the cash book. The entries were in such form as "April 25, J. B. 172.57," "April 28, J. Buchman $116.45," and "May 4, St. 13.50," requiring explanation of their meaning. The evidence does not show what entries the ledger contained. The fire occurred on December 12, 1906, the salvage amounted to $325, and, according to the plaintiff's testimony, the value of the goods destroyed was over $6,000. He carried three policies of insurance, the one sued on being for $2,000, and the other two being for $1,500 each. He testified that he delivered to the adjusters his books and invoices; and that they checked up the same and found everything correct, and so stated.

*Tye, Peeples & Jordan* and *David Eichberg,* for plaintiff.

*King & Spalding, E. Marvin Underwood,* and *Smith, Hammond & Smith,* for defendant.