### 4686. COLLINS *v.* THE STATE.

1. No question as to the sufficiency of the grounds of a motion for a new trial, or of the approval of the brief of evidence, or of the filing of such brief or motion, can be entertained by the Court of Appeals, where the judge has finally passed upon the merits of the motion for a new trial, unless the question was "first raised and insisted on before the trial judge." Acts 1911, p. 149.

2. The showing made for a continuance on account of the absence of witnesses was such as to demand a postponement of the case, in order that the accused might have the benefit of the testimony of the absent witnesses. It was therefore error, requiring the grant of a new trial, to overrule the motion for continuance.'

DECIDED APRIL 16, 1913.

Indictment for sale of liquor; from Tattnall superior court—Judge Sheppard. September 14, 1912.

*H. H. Elders,* for plaintiff in error.

*N. J. Norman, solicitor-general,* contra.

RUSSELL, J. The plaintiff in error concedes that the evidence adduced upon the trial was sufficient to warrant the verdict finding him guilty; and hence we need only to consider the special grounds of the amendment to the motion for a new trial. The solicitor-general contends that since the grounds of the amendment to the motion are not specifically approved as true, and as the amendment does not appear to have been filed, the errors therein assigned should not be considered by this court. It has frequently been held that an order upon an amendment to a motion for a new trial, in the following language: "The amendment read and *allowed;* let the same be filed," is not an approval of the grounds in the amendment, and that an assignment of error in such a paper could not be considered in the reviewing court. However, the order of the trial judge in the present case makes it plain that he considered the grounds of the amendment; and certain it is that it does not affirmatively appear that the point which is here insisted upon, as to

the approval and filing of the grounds of the amendment to the motion, was made before the trial court. Upon reason it would seem that where the judge, in his judgment upon the motion for a new trial, states that he overruled the motion, after hearing argument upon both the original and the amended motion for new trial, and after consideration of such motion (presumably including the amendment referred to), the grounds of the amended motion for new trial should be treated as having been approved by the trial judge. And hence, the General Assembly, in the act of 1911 (Acts of 1911, p. 149), regulating practice in courts of review, made appropriate provision for such a contingency. Section 3 of that act provides, that "where the judge has finally passed on the merits of a motion for a new trial and the parties have raised no question as to the sufficiency of the approval of the grounds of such motion, or of the approval of the brief of evidence, or of the filing of such motion or brief, or of the jurisdiction of the judge to entertain the motion at the time he did, if the parties acquiesced in his entertaining it at that time, no question as to these matters shall be entertained by the reviewing courts unless first raised and insisted on before the trial judge." In order for the State to be able to avail itself here of any defects in the approval and filing of the amendment to the motion for a new trial, it would have to appear that the trial judge expressly declined to consider the grounds of the amendment to the motion, upon the hearing in the lower court. Since the judge appears to have considered the brief of evidence, as well as the amendment to the motion for a new trial, all defects in both must be treated as having been waived.

At the trial the defendant made a showing for a continuance, and no counter-showing was made. From this showing it appears that this defendant had three witnesses absent, who he testified had been summoned to court, and the testimony of each of them appears to be material. Especially is this true as to the witness Mary Collins. If her testimony is credible, the defendant is not guilty; and the defendant has a right to have a jury pass upon her credibility. The State's counsel makes the point that the defendant testified that the witnesses had been "summoned," instead of saying "subpoenaed." So far as we are advised, the two words are practically synonymous in common parlance; and if, as a matter of fact, subpoenas had not been issued for these wit-

nesses, the testimony of the clerk, which was readily accessible, would quickly have developed the fact that the defendant, in using the word "summoned," was referring to an ineffectual oral invitation, extended by himself to the witnesses, to come to court, rather than to the written summons or subpœna to which, primarily, he must be assumed to have referred. The court erred in overruling the motion for a continuance.

*Judgment reversed.*