## 5528.   NOBLES *v.* THE STATE.

1. No question as to the approval of a brief of evidence filed with a motion for a new trial can be entertained by the Court of Appeals, where the trial court has finally passed upon the merits of the motion for a new trial, unless the question was "first raised and insisted on before the trial judge." Acts 1911, p. 149.
2. The evidence authorized the verdict.

DECIDED APRIL 18, 1914.

Indictment for misdemeanor; from Laurens superior court—Judge Hawkins. January 27, 1914.

*H. P. Howard, Howard & Kea,* for plaintiff in error.

*E. L. Stephens, solicitor-general,* contra.

ROAN, J.  Nobles was convicted of the offense of furnishing intoxicating liquors to a minor, without first obtaining written authority from the minor's parent or guardian.  A motion for a new trial was made on the usual general grounds, that the verdict was contrary to the evidence, etc.  The motion was overruled, and the movant excepted.

1.  It is insisted by the solicitor-general in his brief that the writ of error in this case should be dismissed as the brief of evidence was not approved by the trial judge.  The "act to regulate and prescribe certain matters of review procedure and practice in the courts of this State," approved August 21, 1911 (Acts of 1911, p. 150), provides that "where the judge has finally passed on the merits of a motion for a new trial and the parties have raised no question as to the sufficiency of the approval of the grounds of such motion, or of the approval of the brief of evidence, . . no question as to these matters shall be entertained by the reviewing courts unless first raised and insisted on before the trial judge."  It does not appear from the record that this point was made before the trial judge; hence the motion to dismiss must be overruled.

2.  The evidence in the record was sufficient to authorize the verdict.  It is true the defendant in his statement claimed that after due inquiry and before the intoxicating liquor was furnished, he was informed by Luther Flanders, to whom it was furnished, that Luther Flanders was an adult and not a minor, and he thought at the time that he was dealing with an adult.  Whether the defendant in good faith believed he was dealing with a minor or not was a question fairly submitted to the jury.  By their verdict they have found against him; and the trial judge, in overruling the motion for a new trial, seems to have approved their finding.

*Judgment affirmed.*