### 6067.   CARRAWAY v. THE STATE.

RUSSELL, C. J.  1. When it appears from a bill of exceptions that a motion for a new trial was amended, and the amendment to the motion is specified in the bill of exceptions as one of the papers material to a proper consideration of the errors assigned, it is too late, after the certification of the bill of exceptions, to raise the objection that the grounds of the amendment to the motion were not formally approved by the trial judge.   Acts 1911, p. 150, sec. 3.

2. Neither from the evidence nor from the defendant's statement at the trial does it appear that he assaulted or struck the prosecutor upon a lot over which jurisdiction had been ceded to the United States government (though there is testimony to the effect that the prosecutor, after being struck, fell over a wire fence which was the boundary of the lot upon which the United States was having a building erected); consequently the court did not err in refusing a request to charge the jury to the effect that if they were satisfied that the offense was committed on such land, they should acquit the defendant.

3. The fact that the solicitor-general in his argument to the jury, referring to a statement made to the jury by the defendant's counsel, that they had been appointed by the court to defend the accused, replied to the effect that the necessity for the court's having to appoint counsel was perhaps due to the fact that the accused was not industrious or frugal or prompt in the payment of his debts, does not require a holding that the trial judge abused his discretion in refusing to order a mistrial, since there was testimony supporting the argument of the solicitor-general as to the defendant's abstaining from labor and his failure to pay some of his debts, to which no objection was offered.

4. The requests for instructions, so far as pertinent, are covered by the charge of the court; the trial was free from any material error; the evidence authorized the verdict; and the discretion of the trial judge in refusing a new trial will not be overruled.   *Judgment affirmed.*

DECIDED MARCH 23, 1915.

Indictment for assault and battery; from Laurens superior court —Judge Larsen.   September 26, 1914.

*Davis & New,* for plaintiff in error.

*E. L. Stephens, solicitor-general,* contra.