### 6456.   MACK v. THE STATE.

RUSSELL, C. J. 1. There is no merit in the motion to dismiss the bill of exceptions. As to the first ground of the motion, see Acts of 1911, p. 149; *Collins* v. *State*, 12 *Ga. App.* 635 (77 S. E. 1079); *Nobles* v. *State*, 14 *Ga. App.* 480 (81 S. E. 370). As to the second ground, see *Bailey & Carney Buggy Co.* v. *Guthrie*, 1 *Ga. App.* 350 (58 S. E. 103).

2. The evidence was wholly insufficient to show an intent to defraud on the part of the accused, within the meaning of section 715 of the Penal Code; and for this reason his conviction was not authorized.

*Judgment reversed.*

DECIDED JUNE 3, 1915.

Accusation of cheating and swindling; from city court of Louisville—Judge Phillips. March 12, 1915.

1. The grounds of the motion to dismiss the writ of error were: (1) that the record shows that the motion for a new trial had been overruled before the amended motion, the charge of the court, and the brief of evidence had been approved by the court or filed in office; (2) that the trial judge, in his certificate to the bill of exceptions, does not certify that the bill of exceptions contains or specifies the evidence material to a clear understanding of the errors complained of.

2. The evidence was as follows: Bouknight, the prosecutor, testified: In August, 1914, I hired the defendant to work as an

agricultural laborer on my farm (identifying it) for $11.50 per month and rations. He was to work until December 24. On December 19, which was Saturday, he came to me in Louisville, Ga., and told me that he wanted to get a dollar. I told him he was already owing me. He replied, "Oh, well, that's all right. I am coming back to work Monday morning." He did not come back Monday morning, the 21st. I do not know why. He never returned at all to complete his contract. I know of no reason or good cause why he did not return. I am damaged by his act to the amount of one dollar. He owes me the sum of $8. After the contract had been made, but before he was to begin work under it, I sold him a suit of clothes for $23. I would not have sold him this suit but for the contract he had made with me and on the strength of it. This suit makes one item of my account. The other items are made up of different things I let him have and time that he lost. I have never had a settlement with the defendant. Whenever he wanted money I let him have it, which was about once a week. But I never had a direct settlement with him. I saw the defendant once between December 19 and the date I had him arrested, which was January 9. I said nothing to him about his contract or what he was owing me.

The defendant's statement was as follows: I hired to Mr. Bouknight, as he says, and I got a dollar from him on December 19. The reason I did not go back to work the next week was that it was raining and there was nothing I could do. The reason I did not want to work for Mr. Bouknight afterwards was because I could not get a settlement with him for the last two months' work that I did for him. He owes me some now for my work.

*M. C. Barwick*, for plaintiff in error.

*J. R. Phillips, solicitor,* contra.