### 8108. FARMERS MUTUAL FIRE ASSOCIATION *v.* STEED.

1. The motion to dismiss the bill of exceptions is without merit.
2. The contract of insurance sued upon, having been breached in material particulars by the plaintiff, is void and unenforceable.
3. The promise of an adjusting agent to pay the loss under an insurance contract breached by the insured is not binding on the insurance company, where the agent is without authority to waive the stipulations of the policy.

DECIDED JUNE 18, 1917.

Action on insurance policy; from Murray superior court—Judge Fite. August 17, 1916.

*Maddox, McCamy & Shumate,* for plaintiff in error.

*H. H. Anderson, W. E. Mann,* contra.

BLOODWORTH, J. 1. The trial judge unequivocally approved the brief of evidence in the following language: "The within brief of evidence approved, the same being correct." The fact that the court added, that "Counsel for plaintiff [in] error objects, but it is ordered that copy of policy be incorporated in brief of evidence," does not in any manner qualify its approval; and inasmuch as the material portions of the contract of insurance, including the "Mercantile Stock Form," were set out in the ap-

proved brief of evidence, the last clause of the order approving the brief of evidence may be treated as surplusage. Besides, it does not appear that any point as to the approval of the brief of evidence was raised and insisted upon before the trial judge. Acts of 1911, p. 150 (3); Park's Ann. Code, § 6090 (a); *Collins* v. *State*, 12 *Ga. App.* 635 (77 S. E. 1079); *Odom* v. *Coley*, 11 *Ga. App.* 490 (75 S. E. 822); *Lewis* v. *Phillips-Boyd Pub. Co.*, 18 *Ga. App.* 181 (89 S. E. 177). The authorities cited by the movant are clearly distinguished by their facts from the case at bar. The brief of evidence being sufficiently approved, the motion to dismiss the writ of error is denied.

2. The insurance company pleaded that the contract was void by reason of the plaintiff's failure to comply with the stipulations of the "iron-safe clause," especially as to making an inventory and as to keeping a set of books.

(*a*) Plaintiff in his amended petition alleged that the "mercantile form," containing the "iron-safe clause," was not attached to and did not form a part of the original contract. However, on cross-examination he admitted facts which, in connection with the other evidence, demanded a finding for the insurance company upon this point. The record shows that the plaintiff introduced policy No. 389 and "Mercantile Stock Form No. 389," which had been detached from the policy, and which, as appears from the evidence, was attached to it when the policy was delivered to plaintiff. This form contains an "iron-safe clause" as follows: "The following covenant and warranty is hereby made a part of this policy: 1st. The assured will take a complete itemized inventory of stock on hand at least once in each calendar year, and unless such an inventory has been taken within twelve calendar months prior to the date of this policy, one shall be taken in detail in thirty days of the issuance of this policy, or this policy shall be null and void from such date, and upon demand of the assured the unearned premium from such date, shall be returned. 2d. The assured will keep a set of books, which shall clearly and plainly present a complete record of the business transacted, including all purchases, sales, and shipments, both for cash and credit, from date of inventory as provided for in first section of this clause, and [during the?] continuance of this policy. 3d. The assured will keep such books and inventory, and also the last preceding in-

ventory, if such has been taken, securely locked in a fire-proof safe at night and at all times when the building mentioned in this policy is not actually open for business, or, failing in this, the assured will keep such books and inventories in some place not exposed to fire which would destroy the aforesaid building. In the event of the failure to produce such set of books and inventories for the inspection of the company, this policy will become null and void, and such failure shall constitute a perpetual bar to any recovery thereon."

(b)   It appears undisputed in the evidence that the insured failed to comply with the terms of the policy, in not taking an inventory, and in not keeping a set of books by which his stock account or his cash sales could be determined, or his cash sales separated from his credit sales, and that such records as had been kept, except his ledger, were destroyed by the fire.

(c)   Beyond the conclusion of the plaintiff that his stock of goods was worth a certain amount named by him, there is no evidence from which the insurance company or the jury could have arrived at the value of the stock.

While forfeitures are not favored in this State, the facts of this case illustrate most strongly the wisdom of, and the necessity for, compliance with the stipulations in the "iron-safe clause," for the protection of both parties. The plaintiff having breached the contract in the essential particulars named above, the policy is void and unenforceable. The case is squarely within the rulings of the Supreme Court in *Everett-Ridley-Ragan Co.* v. *Traders Insurance Co.*, 121 *Ga.* 228 (48 S. E. 918, 104 Am. St. R. 99) ; *Liverpool &c. Insurance Co.* v. *Ellington,* 94 *Ga.* 785, 791 (21 S. E. 1006) ; *Ætna Insurance Co.* v. *Johnson,* 127 *Ga.* 491 (56 S. E. 643, 9 L. R. A. (N. S.) 667, 9 Ann. Cas. 471) ; *Hester* v. *Scottish Union &c. Ins. Co.,* 115 *Ga.* 454 (41 S. E. 552) ; *Southern Fire Ins. Co.* v. *Knight,* 111 *Ga.* 622, 634 (36 S. E. 821, 52 L. R. A. 70, 78 Am. St. R. 216) ; *Buchman* v. *Insurance Co. of North America,* 134 *Ga.* 506 (68 S. E. 71) ; *Johnson* v. *Sun Fire Ins. Co.,* 3 *Ga. App.* 430, 433, 434 (60 S. E. 118) ; *Finleyson* v. *Liverpool &c. Insurance Co.,* 16 *Ga. App.* 51 (84 S. E. 311).

3.   The contention of the plaintiff that the agent of the insurance company in effect waived the terms of the clause in the policy discussed above, after the forfeiture and after the loss, is

without merit. "In *Graham* v. *Niagara Fire Insurance Co.,* 106 *Ga.* 840 [32 S. E. 579], it was questioned whether, by the most formal act of the governing body of the corporation, a waiver of the forfeiture completely divesting all contractual liability · would be binding on the company." *Lippman* v. *Ætna Insurance Co.,* 120 *Ga.* 252 (47 S. E. 593). The record in the instant case shows that J. F. Hurt, the agent referred to, testified as follows: "I am secretary and treasurer of the Farmers Mutual Insurance Association. It is a mutual company. The finances are derived from the mutual owners of the company. The company has a board of directors. My authority as secretary and treasurer and my duties are governed entirely by the board of directors. I have no authority to pay a claim until the board of directors passes on it." In the case of *Underwriters' Agency* v. *Sutherlin,* 55 *Ga.* 267 (1), involving the right of an adjuster to waive a stipulation in the policy requiring suit to be brought in twelve months, it was held: "It is not in the power of local agents, or of adjusting agents of the company, without express authority from the managing officers, to waive such a stipulation after the loss or damage occurs." In the policy sued on is this provision: "This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements, or conditions as may be indorsed hereon or added hereto, and no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed· hereon or added hereto; and, as to such provisions and conditions, no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

In connection with the "iron-safe clause" and the clause from the policy just quoted, attention is directed to the case of *Finleyson* v. *Liverpool &c. Ins. Co.,* supra, as follows: "The 'iron-safe clause' in the policies was a warranty on the part of the insured that they would do something in the future, and was important as providing a check against fraud on their part; and their com-

pliance with this part of the contract was a condition upon which, by the express terms of the contract, the validity of the policy depended. *Scottish Union Ins. Co.* v. *Stubbs,* 98 *Ga.* 761 (27 S. E. 180); *Southern Fire Ins. Co.* v. *Knight,* 111 *Ga.* 622 (36 S. E. 821, 52 L. R. A. 70, 78 Am. St. R. 216). The plaintiffs therefore were bound to take an inventory within thirty days after the transfer of the policies; else the contract of insurance would be void from that date. It is conceded in the petition that no such inventory was taken. The question then is whether the agent of the defendant could and did, as contended by the plaintiffs, waive this provision of the policy. In the policy it is stipulated that no officer or agent 'shall have power to waive any provisions or conditions of this policy, except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto.' It is not alleged that the waiver was indorsed upon or attached to the policy. Neither does it appear from the petition or the policy that the 'iron-safe clause' was one of the provisions or conditions which were the subject of agreement. The failure of the insured to comply with the provisions of the 'iron-safe clause' placed it beyond the power of the agent to amend, reconstruct, or resurrect the policy. By the very wording of the policy, the policy was void, not merely voidable. *Insurance Company of North America* v. *DeLoach,* 3 *Ga. App.* 812 (61 S. E. 406). Agents are without authority to bind their principal by any waiver of the terms of the policy after a forfeiture has already taken place. *Graham* v. *Niagara Insurance Company,* 106 *Ga.* 840 (32 S. E. 579). And notice to an agent who solicits insurance, made subsequent to the issuance of a policy, of a violation of a condition of the policy is not notice to the insurer so as to constitute waiver of the insurer's right to forfeit the policy thereunder. A forfeiture can not be waived without express authority from the governing officials of the insurance company. *Lippman* v. *Ætna Ins. Co.,* 120 *Ga.* 247 (47 S. E. 593). It is not alleged that the agent was given this express authority by the governing officials; and, under the facts of the case as alleged, even if they had given him such authority, we do not think he could have waived the clause, because that would have amounted in substance to bringing to life something already dead; which, under the ruling in the *DeLoach* case, supra, can not be done."

4.   The foregoing rulings being controlling, a discussion of the remaining assignments of error would be profitless.

*Judgment reversed.   Broyles, P. J., and Jenkins, J., concur.*