11282.   Tennessee, Alabama & Georgia Railroad Co. *v.*
Timmons.

Smith, J. 1. The petition as amended set out a cause of action, and the court did not err in overruling the general demurrer thereto.

2. "When it appears from a bill of exceptions that a motion for a new trial was amended, and the amendment to the motion is specified in the bill of exceptions as one of the papers material to a proper consideration of the errors assigned, it is too late, after the certification of the bill of exceptions, to raise the objection that the grounds of the amendment to the motion for a new trial were not formally approved by the trial judge. Acts 1811, p. 150, sec. 3." *Carraway* v. *State,* 16 *Ga. App.* 161 (1) (84 S. E. 615). See also *Chicago & Northwestern Ry.* v. *Elliott,* 16 *Ga. App.* 388 (1) (85 S. E. 615); *Farmers Mutual Fire Association* v. *Steed,* 20 *Ga. App.* 329, 330 (93 S. E. 75).

3. In the trial of a suit for a continuing nuisance consisting of damage to crops and land by reason of the overflow and backing up of waters, alleged to have been caused by an embankment of a railroad company, it being contended by the plaintiff that the company, after the building of the embankment and drain or trestle thereunder, permitted and caused cross-ties, trash, and rubbish to be thrown into the creek running under the embankment, thereby damming up the flow of the water and causing the same to back up and overflow the lands of the plaintiff, any negligence on the part of the company in the construction of the roadway or embankment, or any acts of negligence on the part of the company more than four years prior to the bringing of the suit, would be barred by the statute of limitations, and the plaintiff, if he recovered at all, would be entitled to recover only damages caused by the negligence of the company within the period of four years prior to the bringing of the suit. It was therefore error for the court, upon the trial of the case, to charge the jury in the following language: "I charge you, as a matter of law, the plaintiff, the owner of this property, is entitled to have the water flow from his property in its natural way,

and if the defendant railroad company, in constructing their railroad or in keeping and maintaining their railroad, did within the four-year period obstruct this flow of the water in either of the ways charged by the plaintiff in his petition, to such an extent that it overflowed and damaged his land in the way he has alleged, then in that event he would be entitled to recover just such damages as you think from the evidence has accrued to him by reason of the defendant's negligence." This charge, connecting up the construction with the other acts of negligence alleged to have been committed within four years prior to the bringing of the suit, tended to cause the jury to take into consideration any defective construction of the drain or trestle as a part of the negligence of the defendant company for which a recovery could be had.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 8, 1920.

Action for damages; from Walker superior court — Judge Wright. December 23, 1919.

The suit was filed on July 8, 1918. The original petition in substance alleged: The plaintiff is now and since January 18, 1897, has been the owner and in uninterrupted possession of described land situated west of and adjoining the right of way of the defendant railroad company where some twenty-seven years ago the defendant constructed on the right of way a considerable embankment, upon which it built its track and has run its cars since the year 1891. There was at the time and there is now running in a southeastern direction through the plaintiff's land a stream which strikes this embankment, and to permit the passage of the stream the defendant put a small tile under its track and through the embankment. "Said tile was not large enough to permit and receive the water of said stream during and immediately after hard or excessive rainfalls, causing the collection of much mud and earth at or near the tile, or which now is a bridge, and a great lake of water to stand upon plaintiff's lands, frequently submerging some five acres of his said lands for hours, injuring and damaging his crops more or less for the past several years, and as a direct result of said negligence said lands are now useless for agricultural purposes." The defendant has negligently thrown or left unmoved considerable wreckage, decayed cross-ties, and timbers cut and thrown or allowed to fall into the stream upon its right of way, and negligently fails or refuses to drain or keep cleaned out the channel of said stream, which largely contributes to the damage here complained of. Said in-

juries and damage are the direct result of the defendant's negligence in not exercising due care and diligence in the construction of its roadway through or near said land, "and for the additional reason that the said defendant . . has persisted in its negligence for a long period of years, in fact about thirty years, in failing to keep the channel cleared and cleaned;" all to the damage of the plaintiff in the sum of $1,000, for which he sues. By amendment it was alleged: that there was a freshet or heavy rain about July 20, 1914, which caused the flow of much water from the stream mentioned above, which when swollen is unable to pass under and beyond the defendant's railroad, the bridge constructed being too near the earth, and the passage being too narrow to permit the passage of water during the excessive rains, as it was at this date, and there was a backflow of much water, submerging about four acres of plaintiff's corn there growing and damaging said corn crop at least to the extent of 225 bushels of the value of $225. Damages accruing in the years 1915, 1916, 1917, and 1918 were also set forth by amendment.

*Shattuck & Shattuck*, for plaintiff in error.

*Henry & Jackson, D. F. Pope*, contra.