22328. HELTON *v.* THE STATE.

DECIDED JUNE 14, 1932.

*Edward T. Hughes,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

LUKE, J. The special presentment in this case charges that, on October 12, 1931, in Fulton county, Georgia, Clark Helton did "by persuasion and false and fraudulent promises of marriage, seduce a virtuous, unmarried female, to wit, Dorothy Atkinson. . ."

It appears from the evidence that Dorothy Atkinson was seventeen years old at the time of the trial, and was unmarried. There is testimony that the defendant had sexual intercourse with Dorothy on three different occasions—once in February, 1931, once on July 26, 1931, and once on October 12, 1931. We quote from the testimony of Dorothy Atkinson as follows: "I am pregnant . . Clark Helton is responsible for my condition.

. . The second time was July 26th. We went to a meeting at Antioch. He persuaded me and said it was all right, that we were going to get married recently, we were engaged. We were on the school-house road coming back home, and he said that, and I thought it was all right if we were going to get married recently. He kept on promising to marry me. He said that he would marry me pretty soon, . . some time this year. That was 1931. The first time was in February at my home. . . He came about seven-thirty and left about ten-thirty that night. . . The last was on October 12th, in my home. These three times are the only times I ever had intercourse with him. All these places are in Fulton county. . . On the 12th of October, the third time, he told me the same thing—that he thought it would be all right, that we would get married recently. . . I told my father and my mother both that I was engaged to him. He did not tell me anything about why he was not going to marry me. He said he was going to marry me, and all, and I thought he would take me, after him doing me that way. No other man has ever had any intercourse with me. . . He said that we were going to get married recently in January, and February was the first time I had intercourse with him. He promised to marry me every time he was at the house."

The gist of the defendant's statement to the jury was that he had never had intercourse with Dorothy, and that he had not been at her house after July 26, 1931. There was other evidence in the case, but, for the purposes of this decision, it would be useless to state it.

"To accomplish sexual intercourse with a virtuous woman pending a virtuous engagement to marry her, may be seduction, though consent be obtained without other persuasion than that which is implied (considering the past courtship and present relation of the parties) in proposing the intercourse and repeating the promise of marriage." *Wilson* v. *State*, 58 *Ga.* 328. See also *Woodall* v. *State*, 7 *Ga. App.* 245 (66 S. E. 619); *Boyett* v. *State*, 16 *Ga. App.* 150, 154 (84 S. E. 615); *Youmans* v. *State*, 16 *Ga. App.* 196 (2) (84 S. E. 833); *Durrence* v. *State*, 20 *Ga. App.* 192 (92 S. E. 962); *O'Neill* v. *State*, 85 *Ga.* 383, 412 (11 S. E. 856). Of course, where a woman "simply undertakes to sell her person in consideration of a promise of marriage," the transaction is purely

meretricious, and there is no seducton. *Disharoon* v. *State*, 95 *Ga.* 351, 353 (22 S. E. 698). However, so far as we have been able to discover, the rule laid down in the *Wilson* case has been consistently adhered to by both of the appellate courts of this State; and, applying that rule to the evidence in this case, we hold that the evidence sustains the verdict, and that there is no merit in the general grounds.

The first special ground avers that the "court erred in refusing to allow Mrs. J. R. Atkinson, mother of the prosecutrix, to testify whether or not she knew that the defendant had been acquitted (of seduction) in the municipal court of Atlanta." Whether or not the defendant had been convicted in the municipal court of Atlanta should, in our opinion, have been shown by the court records, and not by oral testimony. In this connection see *Lovinger* v. *State*, 39 *Ga. App.* 116 (146 S. E. 346), and cit. There is no merit in the ground.

The next special ground, complaining that "the court erred in overruling the objection of Mr. Simmons, of the defense counsel, to the testimony of one John Hayes, a witness for the State, who swore that the defendant . . . made a statement to him about Miss Atkinson," is entirely too incomplete for the consideration of this court. The ground is defective because it does not set forth in substance the alleged objectionable evidence (*Clare* v. *Drexler*, 152 *Ga.* 419 (3), 110 S. E. 176), and because it fails to show that the evidence was objected to at the time it was offered, and upon what ground any objection was based. See *Drexler* case, supra, headnote 5.

The next special ground is merely an amplification of the general grounds, and requires no special consideration.

The next special ground avers that the court erred in failing to charge the jury "that they must first find that the prosecutrix was a virtuous, unmarried female, that in determining that question they might consider any facts or circumstances tending to show a debauched mind and behavior." The court charged the definition of seduction in the language of the Penal Code (1910), § 378, and there was no request to charge. We are satisfied that there is no merit in the ground, and so hold.

The next special ground is as follows: "Because the court failed to construe the meaning of the word 'virtuous' as used in

the statute." In charging section 378, supra, the court necessarily used the phrase "seduce a virtuous, unmarried female," and there was no request that the court "construe" the word "virtuous." The testimony in this case is to the effect that Miss Atkinson was of good character and was virtuous. The legal meaning of the word "virtuous" appears to be identical with the commonly accepted definition of that term. For instance, the following charge was approved in *Owens* v. *State, 33 Ga. App.* 32 (125 S. E. 733): "If at the time of the alleged seduction the female in question had never had unlawful intercourse with a man, she was virtuous within the meaning of the law in this State." See *Woodard* v. *State, 5 Ga. App.* 447, 448 (63 S. E. 573) and cit. We are satisfied that the failure of the court to define "virtuous," without any request so to do, did not prejudice the defendant's case in any way.

The next special ground avers that the court erred in failing to instruct the jury in the language of a long charge set out in the ground. There was no request that the judge amplify the charge that he did give the jury, and, in the absence of such request, his charge as given was sufficient to cover the material issues in the case. There is no merit in the ground.

It appears from the next ground that the court instructed the jury that "if a female consents to intercourse solely on the promise to marry, or an agreement to marry, it is nothing more than a meretricious bargain. . ." The criticism is that the court did not use the words "virtuous, unmarried female" instead of the word "female." The court had already defined seduction in the language of the Penal code, and we do not think that the criticism shows any reason for reversing the judgment. In this ground it is also contended that "the court charged that if she was influenced 'not so much by the present promise of marriage or pending engagement, as by previous relations between them and her love for the man'." It is averred that "there is no evidence that she was in love with him. . ." We do not think that the court erred in concluding that it was likely that love preceded and followed the engagement; and we hold that the charge was not erroneous for the reason indicated.

The last special ground substantially avers that the court should have charged the jury upon the theory that the alleged seduction

was merely a meretricious transaction. The court did so charge, and there is no merit in the ground.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*