38703. SMITH v. THE STATE.

CARLISLE, Judge. 1. Where the defendant was indicted for the offense of seduction in that he did "by persuasion and promises of marriage seduce" a named female "who was then and there a virtuous unmarried female, and did then and there induce her to yield to his lustful embraces and allow him to have carnal knowledge of her," in order to authorize a conviction the State must prove persuasion 'and promises of marriage. *Eichwurtzle v. State*, 54 Ga. App. 205 (4) (187 S. E. 606).

2. A consent to the act of sexual intercourse based solely upon a promise of marriage as a consideration moving to the female "takes the whole transaction out of the definition of seduction and makes it purely meretricious—the relation thus established being wholly inconsistent with the idea of that virtuous consent involved in the commission of the offense of seduction," and where a woman simply undertakes to sell her person in consideration of a promise of marriage the transaction is something less than seduction. To show a seduction it must be shown that the woman did more than "merely submit to the demands of her purchaser." *Disharoon v. State*, 95 Ga. 351, 353 (22 S. E. 698). "Where consent to criminal intercourse is part of the original betrothal and is procured solely by the undertaking to marry, the transaction may be mere coarse and corrupt traffic." *Wilson v. State*, 58 Ga. 328, 331.

3. Accordingly, where, as in the instant case, the female involved testified with respect to the circumstances under which she was induced to yield to the defendant merely that "he said we were going to get married anyway, and if I didn't somebody else would, some other girl would please him, and he would walk out." And, that "Prior to this time he had not at any other time made the mention of marriage to me," such

evidence was wholly insufficient to authorize a conviction for seduction under the rules announced in the foregoing headnotes. *Wilson v. State*, 58 Ga. 328, 331, supra; *O'Neill v. State*, 85 Ga. 383, 410 (5) (11 S. E. 856). The cases of *Boyett v. State*, 16 Ga. App. 150 (84 S. E. 613); *Helton v. State*, 45 Ga. App. 348 (164 S. E. 686); and *Adams v. State*, 58 Ga. App. 632 (199 S. E. 542), which are chiefly relied upon by counsel for the State are clearly distinguishable on their facts from the instant case.

4. The State relied, as shown by the indictment quoted in the first headnote, upon persuasion and promises of marriage. Accordingly, it was error for the trial judge to fail to distinctly explain to the jury and make it clear to them in his charge that the State rested its case against the defendant upon persuasion and promises of marriage only, and did not contend that the seduction was accomplished by other false and fraudulent means. *Conley v. State*, 73 Ga. App. 53 (3) (35 S. E. 2d 569).

5. The trial court erred in overruling the motion for a new trial on the general grounds and on the single special ground complaining of the failure of the court to charge as indicated in headnote 4 above.

*Judgment reversed. Townsend, P. J., Frankum and Jordan, JJ., concur.*

DECIDED FEBRUARY 22, 1961.

*William H. Burke*, for plaintiff in error.
*Luther C. Hames, Jr., Solicitor-General, Ben F. Smith*, contra.