FARLEY *vs.* BLOODWORTH & McDOWELL *et al.*

That the justice who issued a garnishment told the garnishee that he had until the next term of court to answer, and thereby the garnishee was misled and failed to answer within ten days, did not excuse such failure or prevent a judgment against him, this case having arisen prior to the act of 1880.

Garnishments. Justice Courts. Before Judge SPEER. Pike Superior Court. October Term, 1880.

Reported in the decision.

S. D. IRWIN, for plaintiff in error.

No appearance for defendants.

SPEER, Justice.

This is a *certiorari* from Pike superior court, on the following statement of facts, as set forth in the petition :

Bloodworth & McDowell, defendants in error, on the 28th day of March, 1880, caused to be sued out a summons of garnishment against L. F. Farley, issued by the justice of the 540th district, G. M., of said county, requiring him to appear at a justice court, to be held in said district, at Milner, on the first Saturday in May next thereafter, to depose what he was indebted to, or what property or effects he had in his hands belonging to, John D. Tucker, etc.

The *certiorari* sets forth the fact further, that the garnishee was summoned to answer on the first Saturday in May, that he started to the house of the justice of the peace within ten days after being served, to make answer thereto ; that he met him in the road and told him " his business was going to his house to answer said summons— that he did not owe Tucker, or have any of his effects." That the justice replied, " he had started to mill and did not wish to go back, and that at any time between that day and the day of court would be time enough to make his answer," etc.    Further, that the garnishee appeared on the 30th of April, 1880, and made his answer before said justice, denying any indebtedness, or that he had any property or effects of Tucker's in his hands."    Further, it appears that at the May term of said court the cause was continued ; that at the June term, on motion of plaintiff below, his answer was disallowed and stricken as not having been filed within the ten days, as provided by law, and judgment was entered against the garnishee for the amount of the debt and costs.    On hearing the *certiorari* the court below overruled the same ; to which ruling plaintiff in *certiorari* excepted.

There are two grounds of error alleged in the bill of exceptions.    1st.    That according to the statement of

facts contained in the petition for *certiorari*, admitted to be true, and enlarged upon by the justice of the peace in his answer, the garnishee was not liable. 2d. The court erred in overruling said *certiorari* upon the grounds stated therein.

Whether the mistake of the magistrate in directing the garnishee to answer at any time between the day he met him and court day, will excuse him, we think is settled, in principle, in the case of *Hood vs. Parker*, 63 *Ga.*,510.

In the case of *Hearn vs. Adamson*, 64 *Ga.*, 208, this court say, " It is the duty of a garnishee in a justice court to answer a summons of garnishment served upon him within ten days. This duty is imposed upon him, whether the summons specifies that he shall answer within that time or not."

As to the point raised by the counsel for plaintiff in error, that this section of the Code, 4161, requiring garnishees to answer within ten days was repealed by the constitution of 1877, we can only say, the legislature did not so regard it ; since by a recent act of December, 1880, they have amended §4161 of the Code, and allowed the answers of garnishees in justice courts to be answered at the next term after said summons, but this amendment cannot affect the case on trial.

Let the judgment of the court below be affirmed.