Pedrick, administrator, *vs.* McCall *et al.*

---

PEDRICK, administrator, *vs.* McCALL *et al.*

1. Whether the provision of the act of 1873, requiring a traverse to the answer of a garnishee in a justice's court to be filed within ten days after such answer is made, is still of force, since the adoption of the constitution of 1877—*query.* (Rep.)
2. Whether or not such a traverse must be filed within ten days from the filing of the answer, yet where, on November 21, 1881, the answer of a garnishee was filed, which was traversed on the 19th of December, and the trial at the January term, 1882, of the justice's court resulted in favor of the plaintiff, whereupon certain persons, who had interposed a claim to the property in the hands of the garnishee, carried the case to the superior court by *certiorari*, and in November, 1886, a new trial was granted, it was too late at the second trial in the justice's court, which took place in February, 1887, to make a motion to dismiss the traverse on the ground that it was not filed within the time required by law. The conduct of the claimants in thus litigating under the traverse for years without objection, amounted to a waiver of the point that it was filed too late. (Rep.)

March 21, 1888.

*Certiorari.*   Garnishment.   Justice courts.   Waiver. Practice.   Before Judge HANSELL.   Brooks superior court. May term, 1887.

Reported in the decision.

J. G. McCALL, by brief, for plaintiff.

D. W. ROUNTREE and W. C. McCALL, by brief, for defendants.

BLECKLEY, Chief Justice.

The plaintiff in a suit pending in a justice's court sued out a summons of garnishment on the 3d of October, 1881, and the summons was served.   Certain claimants filed their bond in terms of the statute, claiming the property, which was one bale of cotton, sought to be reached by the garnishment.   That bond was filed October 21st, 1881.   On November 21st thereafter, the garnishee answered making a general denial as to assets or indebtedness.   On the 19th of December following, the plaintiff traversed the answer. Without the record being precisely distinct upon the question, the dates indicate that the garnishee's answer was filed at the November term of the justice's court, and the traverse of the answer was made at the December term. There is matter in the record from which it can be inferred that the court was held on the third Monday of each month, and that the third Monday of November was on the 21st day, and that the third Monday of December on the 19th day of the month.   A trial was had upon the merits in the following January, that is, January, 1882, and resulted in favor of the plaintiff.   The claimants sued out a *certiorari* returnable to the May term, 1882, of the superior court, complaining of error in the adjudication.   That *certiorari* was sustained in November, 1886, and the case remanded for a new trial, with certain directions as to the exclusion of testimony, etc.   The second trial was had in February,

1887, and consisted simply of a motion by the claimants to dismiss the traverse because it was not filed in terms of the law, and the decision of that motion in favor of the movants. That terminated the case in the justice's court. The traverse being dismissed, and the answer denying assets, etc., there was nothing left for trial. The plaintiff sued out a *certiorari* to that decision; and on the hearing, the superior court, in May, 1887, overruled the *certiorari* and held that there was no error in the judgment of the justice's court. The present writ of error brings under review the final decision by the superior court upon this second *certiorari.*

The objection respecting the filing of the traverse goes altogether to the time of the filing. It is said that under the code, §4162, which is a codification taken from an act passed in 1873, the traverse had to be filed within ten days after the answer was made; and that is a correct reading of the section, for it not only says it must be filed within ten days, but shall not be filed afterwards. Whether that be the law since the constitution of 1877, fixing or requiring the terms of the justices' courts to be fixed, admits of some doubt. The act of 1873 was passed with a view to the condition of things brought about by the constitution of 1868, and the legislation conforming to it, which broke up all regularity in the terms of the justices' courts, and made the time of holding a justice's court subject to the appointment of the justice in each and every case. As tending to show that this act of 1873 may still be of force, I cite upon another branch of the act which relates to the time of making the answer, the cases of *Hearn vs. Adamson,* 64 *Ga.* 608, and *Farley vs. Bloodworth & McDowell,* 66 *Ga.* 349. These cases show that, in the view of this court, the provision limiting the time to answer garnishments, which was brought in by this same act of 1873, remained of force after the constitution of 1877 went into effect; and the legislature, influenced doubtless by these adjudications, passed an act in 1880, which is now

found in the present code (§4161), providing that a garnishment in a justice's court shall be answered at the term of the court to which the garnishment is returnable, and doing away with the requirement for an answer within ten days.

Again, in *Willis vs. Fincher*, 68 *Ga.* 444, there seems to be a clear and express recognition of the theory that the particular provision with which we are now concerned, to wit, that requiring the traverse to be filed within ten days, is still of force ; and *Mandeville vs. Askew, Bradley & Company*, 78 *Ga.* 18, merely holds that it is no longer necessary to give notice of the traverse and of a time for the hearing.   It makes no ruling as to the time of filing the traverse, nor need we make any now.  Whether according to strict law the traverse was filed in time or not, these claimants were not in a condition so late as February, 1887, to raise the question.   They had recognized the traverse as though duly filed, as far back as January, 1882, for they then went to trial in the justice's court upon the issue raised by the traverse, making no exception to the time of the filing; and moreover, failing in that court, they brought a *certiorari*; that is, they entered into pleadings in the case.   They filed pleadings in the case by petition for *certiorari*, etc., and carried it up by these pleadings to the superior court, and subjected the plaintiff to litigation there.   The case was pending there for some years before it was determined.   Having done all this and acquiesced in the time of filing so long, we think they waived all objection to the time; and it would be an injustice for them now to be allowed to turn the plaintiff out of court, after thus litigating with him, upon the technical point that the traverse was filed too late.   If it was too late, they ought to have demurred to it or moved to dismiss it and delivered themselves from it before they brought their first *certiorari*.   That was the time to deal with that mere formal question ; and having pretermitted it, we hold that they were barred by their

waiver from raising the question upon the return of the case for a second trial. For these reasons the judgment is reversed.