## PULLIN *v.* McGEE *et al.*

BECK, J. 1. Where to a suit brought against numerous defendants upon a joint promissory note a plea of non est factum was filed by all the de-fendants, it was competent for the defendants upon the trial, after hav-ing introduced testimony tending to support the plea of non est factum, to introduce other testimony to the effect that while they had agreed in writing, pending the negotiations for the purchase of a horse, to give a joint note for a certain amount, as a matter of fact they had individ-ually given smaller notes equaling in their aggregate the amount which had been stipulated for in the written agreement just referred to. It was competent also to show further that certain receipts referred to in the evidence as certificates of stock (which as a matter of fact were not certificates of stock, because there was no corporation) had been given to them by the agent of the payees in the notes; and it was competent to introduce this evidence, although the plaintiff suing upon the joint note was a transferee, claiming to be such bona fide and for value.

2. The payee in the small notes, to the execution and delivery of which the several defendants testified, being a non-resident of the State, and the notes having been delivered, according to the testimony of the defend-ants, to an agent of the payee, the agent himself also being a non-resi-dent of the State, there was a presumption that the notes were out of the State; and as the payee was not a party to the suit, the production of the notes in court could not have been compelled by a notice to pro-duce, nor could the non-resident payee be compelled by a subpœna duces tecum to produce the notes in court; therefore it was not error to admit parol evidence as to the contents of the notes.

3. The alleged newly discovered evidence, consisting of the sworn statement of a handwriting expert to the genuineness of the signatures to the note sued on, was not of such a character as to require the grant of a new trial upon motion of the plaintiff after verdict against him.

4. There was no merit in the exception to the charge, and the evidence authorized the verdict.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*
　　　FEBRUARY 11, 1915. REHEARING DENIED FEBRUARY 22, 1915.

Complaint. Before Judge Brand. Gwinnett superior court. December 23, 1913.

*Brown & Brown* and *J. A. Perry,* for plaintiff.

*I. L. Oakes* and *O. A. Nix,* for defendants.