[No. 20110. Department Two. January 6, 1927.]

LENAPE HYDRAULIC PRESSING & FORGING COMPANY, *Appellant*, v. ELLIS RESILIENT WHEEL CORPORATION, *Respondent*.[1]

[1] TRIAL (14)—MISCONDUCT OF JUDGE—COMMENT ON EVIDENCE. It is not unlawful comment on the evidence for the court in ruling on objections to the testimony, to make remarks to counsel explanatory of his reasons for so doing, where the jury could not have been misled.

[2] EVIDENCE (76)—SECONDARY EVIDENCE—ADMISSIBILITY—DESTRUCTION OR LOSS OF PRIMARY EVIDENCE. Secondary evidence of documents is admissible where a dispute arose as to the possession and whereabouts of documents which had been received and returned from one party to another, warranting the court in considering that the documents were lost.

[3] PLEADING (189)—ISSUES, PROOF AND VARIANCE—EFFECT TO MISLEAD OR SURPRISE. A manufacturer of automobile wheels is sufficiently informed of the nature of the defects by notice that some of the spacer bolts in the wheels were short, although the defect might have been in the part of the bolt variously called the "shank," "body," or "shoulder."

[4] CONTRACTS (160)—BREACH—RIGHTS AND LIABILITIES ON BREACH. In an action for the purchase price of automobile wheels manufactured for the defendant in which defendant pleaded defects in the wheels and counterclaimed for damages, but on objection withdrew its claim for a rescission as to the undelivered wheels, it is proper for judgment against the plaintiff to include a direction that defendant recover from the plaintiff all undelivered wheels manufactured for defendant.

Appeal from a judgment of the superior court for King county, Ronald, J., entered February 13, 1926, upon the verdict of a jury in favor of the defendant in an action on contract. Modified.

*Geo. B. Cole* and *John Wesley Dolby*, for appellant.

*William A. Gilmore*, for respondent.

[1] Reported in 251 Pac. 885.

TOLMAN, C. J.—Appellant, a Pennsylvania corporation, sued to recover a balance of $5,537.72, with interest, alleged to be due it under certain written contracts for the manufacture of patented resilient automobile truck wheels for the defendant, claiming that the wheels were in all respects made according to plans and specifications furnished by the defendant and under the direction and supervision of its officers, a part of the purchase price having been paid in advance, a portion of the wheels having been delivered, the remainder being in possession of the plaintiff in storage and subject to storage charges because of the failure of defendant to give shipping directions.

The defendant answered, admitted the contracts and the advance payments on account, the delivery so far as claimed; denied that the wheels were manufactured according to its plans and specifications or under its supervision and direction; denied the alleged reasonable value; and affirmatively pleaded a breach of an implied warranty to manufacture and assemble the wheels in good and workmanlike manner, of good material and suitable for the purposes intended; pleading specifically a considerable number of defects in the wheels as manufactured, which made them wholly useless for the purposes intended and without value to the defendant. Defendant sought recovery of the advance payments and for loss of profits, in amounts aggregating upwards of ten thousand dollars.

The case was tried to a jury, which found for the defendant, permitting no recovery to either party. The trial court, having denied the plaintiff's motion for a new trial, entered a judgment to the effect that the plaintiff take nothing by its action; that the defendant have and recover from the plaintiff all the wheels manufactured and remaining in plaintiff's possession, free

and clear from all claims for storage, excise taxes,.etc., and also for possession of all dies; and that defendant recover its costs.

From this judgment the plaintiff has appealed, assigning as error: (1) that the trial court commented on the facts, (2) admitted secondary evidence of the plans, blueprints and specifications, (3) repeatedly admitted evidence of defects not specified by the answer, (4) that the judgment is uncertain and ambiguous and not in conformity to the verdict, and (5) that it was error to deny the plaintiff's motion for a new trial.

The pleadings are so voluminous that we have felt obliged to give only the barest outline of the principal issues, and the facts are so involved, technical and contradictory that we shall treat of them only so far as is necessary to an understanding of the several points involved.

[1] During the presentation of the defendant's case, a letter written by plaintiff, together with its enclosure, was identified and received in evidence. Defendant's counsel then inquired of opposing counsel for the original letter written by defendant and mailed to plaintiff in reply to the communication which had just been received. Plaintiff's counsel denied any knowledge of such a letter and a carbon copy thereof was produced, properly identified as a copy of the original which had been duly mailed and offered in evidence. The trial court was at first inclined to receive the copy in evidence, but on reflection ruled:

"The Court: I think I would make an error. I will have to reverse myself. This witness has testified positively on that matter. That letter would only be corroborative any way. The letter being from this witness would really not be any more than corroborative. I believe that I would make a mistake if I let that in. You have his evidence on that anyway. I have to sustain that objection."

Also, after the plaintiff had rested, the defendant in opening made a demand for the production of the blueprints and specifications furnished to and used by the plaintiff in manufacturing the wheels; to which counsel replied, in effect, that they did not have and had never seen these documents; that plaintiff was a Pennsylvania corporation, its offices were at a distance, that no prior or reasonable demand had ever been made and that it would be utterly impossible to then produce the papers.    Later, without further notice or demand, counsel for defendant asked a question calling for the giving of secondary evidence as to the contents of these documents; to which an objection was interposed.    In ruling on the objection the court said:

"Objection overruled.  I understand that those specifications are in Pennsylvania in the office of the plaintiff."

And in the colloquy which followed, the court said:

"No.    They are in your possession. . . . You have the specifications and it is the misfortune of counsel that you haven't got them here. . . . It is not proper for the court to tell what the evidence is, but you had notice when you took the depositions that they claimed certain defects in these bolts, and that they were not according to specifications.  Now the specifications were in your possession. . . ."

and made some further like explanatory remarks.  All of these remarks were addressed to counsel as explaining to them the reasons for the court's ruling and in no sense addressed to the jury.  We are satisfied that no intelligent juror would or could have been misled or influenced thereby.  In many recent cases we have refused to reverse on such a showing.  *State v. Elder*, 130 Wash. 612, 228 Pac. 1016, and cases there cited.

[2]  The second assignment of error is based upon the admission of secondary evidence of the contents of

the blueprints and specifications, the salient facts with reference to which have just been set forth.   There seems to be respectable authority holding that where documentary evidence is shown to be beyond the juris-diction of the court, secondary evidence of its contents may be received. Jones on Evidence, vol. 2, § 828; *Burton v. Driggs,* 87 U. S. (20 Wall.) 125; *Gordon v. Searing,* 8 Cal. 50; *Pullin v. McGee,* 143 Ga. 184, 84 S. E. 443; *Dwyer v. Salt Lake City Copper Manuf'g Co.,* 14 Utah 339, 47 Pac. 311.   But we are not called upon to adopt or reject that doctrine here.   Later in the trial, evidence was produced to the effect that plaintiff did not then have these blueprints and specifications, but that they had been by it returned to the defendant or its representatives; and in turn, defendant's officers, in counter affidavits, denied such return and denied that they had had possession of, or seen, the papers since the time they were in the possession of the plain-tiff, being used in the manufacture of the wheels.   The trial court construed these affidavits as showing that the documents were lost and that such a showing made secondary evidence competent, and thereupon denied a motion to strike the secondary evidence.   Manifestly that ruling was correct, as it would have been folly to strike the evidence because of a supposed error in the earlier ruling, and then call the same witnesses to re-peat the same testimony after the loss of the documents had been shown.

[3]   The defendant's affirmative defense specified with particularity certain defects and imperfections in the wheels as manufactured, and the plaintiff, by mo-tion, for the purpose, no doubt, of avoiding being taken unawares upon the trial, asked that the defendant be required to specify in what respect the wheels were defective other than as specifically alleged in the

answer. This motion was denied. Among the specifications in the answer was the following:

"(d)    That the spacer bolts in said wheels are not of uniform length, but vary in some instances as much as one-eighth of an inch."

Upon the trial, the defendant was permitted, over objection, to produce evidence under this specification to the effect that, while the length over all of the spacer bolts might be, and perhaps was, the same, yet that part of the bolt called variously the "shank", the "body" and the "shoulder", and described as the part which does the spacing, varied in length in the different bolts so as to cause the parts held together and apart by such bolts to be out of proper alignment and thus destroyed the usefulness and value of the wheel. Probably, technically, the objection was well taken, and, had the plaintiff been as lacking in knowledge of the science of mechanical engineering as is this court, the ruling complained of might have been prejudicial. However that may be, we are constrained to believe that a manufacturer who commonly uses spacer bolts must know the purpose for which they are used, and should appreciate that the maintaining of a particular and definite space between the attached parts is, or may be, just as vital to the success of the whole as that the bolts should be long enough over all to firmly attach the parts. We think the plaintiff, who built the wheels, was sufficiently informed of the defect claimed by the specification quoted.

[4]    That the form of the judgment is unusual, is apparent; but the theory of both parties upon the trial was that all of the wheels were manufactured by the plaintiff for the defendant and that title thereto had passed, even as to those undelivered. In the course of the trial, defendant asked leave to amend its pleadings

so as to seek rescission as to the undelivered wheels
and so as to recover on that phase of the case only the
amount it had paid on account of the purchase price.
To this plaintiff objected, and the court indicating an
intention to deny leave to so amend, the motion was
withdrawn. Under these conditions, we think plaintiff
can not now object to that portion of the judgment
awarding the defendant possession of all of the wheels.
We are the more satisfied with this result by reason of
the fact that the evidence shows, without substantial
dispute, that the wheels are unsalable by the plaintiff
because they are patented and because, being a new
invention, there is no general market for them. Plain-
tiff's witnesses testified that they had only a "scrap"
value. But the judgment awards all dies to the defend-
ant. As to the truck wheel dies, the same conditions
prevail as to the wheels themselves, and there is no
reason to modify the judgment in that respect. The
dies for the pleasure car wheels, however, are not so
easily disposed of. All of the defendant's witnesses
who testified upon that subject denied that defendant
ordered or in any way authorized the making of those
dies, and detailed facts indicating that one of plaintiff's
officers had such dies made of his own motion and
primarily in order to have wheels made for his own
private car. The defendant, therefore, is in no position
to claim title to those dies, and the judgment must be
modified by striking therefrom the words, "and the
dies for the pleasure car wheels."

(5) We have carefully considered all of the matters
argued under the fifth assignment of error, but find
nothing therein which would warrant a holding that
the trial court erred in denying plaintiff's motion for
a new trial. The matters presented under this head
are considerably involved and we think are such that

19—141 WASH.

no advantage to bench and bar would flow from a full setting forth and discussion of them.

Except as herein and hereby modified, the judgment is affirmed; but, by reason of the modification, no costs in this court will be allowed to either party.

MACKINTOSH, ASKREN, PARKER, and BRIDGES, JJ., concur.