Laura Blood and Norman W. Blood, her husband, *Appellants* v. P. K. Huey, *Appellee.*

Division B.

Opinion filed April 16, 1929.

Petition for rehearing denied May 18, 1929.

*Touchton & Dinsmore*, for Appellants;

*Huffaker & Edwards*, for Appellee.

Whitfield, P. J.—It appears that a married woman, not a free dealer, executed a second mortgage upon her separ-

ate property to secure the payment of a note given by the wife and husband to J. J. Sternberg for the purchase price of the property it being purchased by the wife as her separate property subject to a first mortgage held by M. L. Paterson when it was purchased. The notes and mortgage were assigned. Payments were not made and the holder of the notes and mortgage brought this suit in equity to subject other separate property of the married woman for the price of the property purchased by her, the mortgage holder claiming the right to so subject the married woman's other separate property under Section 2, Article XI of the State Constitution of 1885.

The bill of complaint alleges that ''subject to the first mortgage on said premises in favor of one Morton L. Paterson in the sum of Seven Thousand Nine Hundred Ninety-nine and 98/100th ($7,999.98) Dollars, and that as a part of the consideration for said sale and conveyance the said Laura Blood, joined her husband, Norman W. Blood, upon the same day and date executed and delivered to the said J. J. Sternberg a second mortgage upon said premises''; that M. L. Paterson the holder brought suit to foreclose the first mortgage, and that complainant ''by virtue of his ownership of the said second mortgage was made a party defendant to said cause and that the said foreclosure suit was prosecuted to a final decree, and the said premises were sold in part satisfaction of the decree of foreclosure of the said Morton L. Paterson, and at the sale of said premises was struck off and bid in by the said Morton L. Paterson and that thereby your orator had been deprived of his lien upon said premises for the payment of the said promissory note;'' that complainant's ''said note has long since matured and become due and payable, and that complainant has demanded payment of the said Laura Blood and Norman W. Blood of the said note but that they have

wholly failed, neglected to pay same; that there is due to complainant upon said promissory note the principal sum of Two Thousand ($2,000.00) Dollars and interest at eight per cent from the date thereof until paid, and that in and by said promissory note the defendant promised to pay a reasonable sum as attorneys fees for the services of counsel employed after maturity or default to collect the said note; that it has become necessary for complainant to employ attorneys to enforce collection of said note and that by reason thereof he is entitled to recover a reasonable attorney's fee of $50.00 plus ten per cent of the principal and interest due, and complainant attaches hereto as a part of this bill of complaint a true and correct copy of the said promissory note; that the said note represents a part of the purchase price of the said lands and tenements purchased from the said J. J. Sternberg and wife aforesaid, and that the said Laura Blood purchased said premises to be added to and become a part of her separate statutory property and that same became a part of her separate statutory estate subject to the said mortgages, and that said mortgage and notes were executed and delivered by the said Laura Blood for the benefit of her separate statutory property and as a part of the purchase price of same''; that said Laura Blood owns described separate real and personal property, including a mortgage given by D. S. Story and wife.

The prayer is for an accounting "of the said note and mortgage assigned and now held and owned by your orator, and that there be added to and become a part of such indebtedness a reasonable attorneys' fee for the service of your orator's attorneys; that the amount of such indebtedness be charged upon the separate statutory property, real and personal, of the defendant, Laura Blood, hereinbefore described, and that the said property, or so

much thereof as shall be necessary, shall be sold by and under the direction of this Honorable Court in satisfaction of the said decree, or that the rents, issues and profits of such property be sequestrated for the payment of said indebtedness and that pending the final decree herein the defendants, D. S. Story and Eloise N. Story, be enjoined from paying to the defendants, Laura Blood and Norman W. Blood, or to either, any part of the said mortgage indebtedness due from them to the said defendants; and that your orator may have such other and further relief in the premises as the nature of the case may require.''

The note made a part of the bill of complaint contains the following:

''All parties liable for the payment of this note jointly and severally, agree to pay the holder hereof a reasonable sum as attorney's fees for the services of counsel employed after maturity or default to collect this note, whether suit be brought or not, or to protect or enforce the security hereof. This note and interest thereon are secured by a mortgage of even date herewith from the makers to the payeee hereof, creating a mortgage lien on certain lands therein described in Polk County, Florida, the terms and conditions of which said mortgage are hereby made a part hereof.

A demurrer to the bill of complaint was overruled and the defendants appealed.

Section 2, Article XI of the Constitution of 1885, defining the classes of cases in which a married woman's separate real and personal property may be charged in equity and sold, or the uses, rents and profits thereof sequestrated for debts incurred by her, makes no provision for attorney fees in suits brought under the section; and the organic provision does not contemplate the use of the remedy therein provided for, even against the property purchased

by a married woman, when the purchase price of the property is secured by a mortgage upon the purchased property executed by the married woman and her husband as provided by the statutes in force when the Constitution of 1885 was adopted. See Secs. 5674-6, 5866, 5868, Comp. Gen. Laws 1927; Secs. 3801-3, 3947-9, Rev. Gen. Stats. 1920; Frosen v. Capo, 88 Fla. 236, 102 So. R. 158; Blood v. Hunt, Barrett v. Howard, and Citizens Bank and Trust Co. v. Smith, this day filed.

Reversed.

STRUM AND BUFORD, J. J., concur.

TERRELL, C. J., AND ELLIS, J., concur in the opinion and judgment.

BROWN, J., concurs specially.

BROWN, J., (concurring): I am inclined to think that this case, if no mortgage had been taken, would have fallen within the operation of the first clause of Sec. 2 of Art. XI, and that this class of married woman's obligations is governed exclusively by that clause; that is, in respect to purchase money obligations as to property which may be clearly identified and followed in specie, this clause governs exclusively, and by its terms means that *only the particular property purchased,* or its uses, rents and profits, can be charged in equity and sold "for the purchase money *thereof.*" The first part of the third clause of this Section, "or for the price of any property purchased by her," which is not limited in its enforcement "to the purchase money *thereof,*" that is, to the particular property purchased, must be accorded a different field of operation, and cannot be held to nullify the first clause above mentioned, and hence must have been intended to apply to "the price"

of that class of property which by its nature becomes merged in the body of the married woman's estate and cannot be followed in specie, as in Halle v. Ernstein, 34 Fla. 589, 16 So. R. 554, and Willing v. Christian and Croft Grocery Co., 41 Fla., 479, 27 So. R. 46, and like cases.

But here the vendor selected his own method of security —a mortgage on the particular property—and certainly, in view of that fact and the constitutional provision above mentioned—he cannot seek to subject other property of the married woman's estate.