AMERICAN BANK & TRUST COMPANY, a corporation organized and existing under the laws of the State of Florida, *Appellant,* vs. LUCY D. ROGERS, joined by her husband CHARLES F. ROGERS, *Appellees.*

137 So. 884.

Division A.

Opinion filed December 7, 1931.

*Paul Emmert,* for Appellant;

*R. E. Kurtz,* for Appellees.

BUFORD, C.J.—The appeal here is from final decree dismissing bill of complaint and an amended bill of complaint after demurrers had been sustained to each. The bill of complaint sought to subject the separate property of a married woman to the payment of a note executed by the married woman and her husband which was given as evidence of their obligation to pay an indebtedness of Thirty Thousand ($30,000) Dollars. The note which is attached to the bill of complaint, and by apt words made a part thereof, contains the following provision.

"Herewith as collateral security 250 shares Palmland Realty Company of Lucy D. Rogers, with authority to sell the same or any collaterals substituted for or added to the above without notice, either at public or private sale, at the option of the said bank or its assigns, on the nonperformance of this promise; said bank applying the net proceeds after deducting all expenses attending the conversion of said collateral into money to the payment of this note, accounting to_____ for the surplus, if any, and it is hereby agreed that such surplus or any excess of collaterals upon this note shall be applicable to any other note or claim against_____ held by this bank."

The bill of complaint seeks to subject other property of the married woman than that for which the note was given to the payment of the obligation.

The decree should be affirmed on authority of Blood v. Hunt, 97 Fla. 551, 121 Sou. 886; Blood vs. Huey, 97 Fla. 577, 121 Sou. 896 and Citizens Bank & Trust Co. vs. Smith, 97 Fla. 601, 121 Sou. 900. It is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.