## 25395. BUTTERSWORTH *v.* SWINT.

DECIDED JULY 6, 1936.

*McCullar & McCullar,* for plaintiff.

*M. J. Yeomans, attorney-general, B. D. Murphy* and *J. T. Goree, assistant attorneys-general, Sibley & Allen,* for defendant.

MACINTYRE, J. This case was transferred to this Court from the Supreme Court, by its judgment of November 15, 1935, that this court and not the Supreme Court had jurisdiction of the writ of error, as authorized by Code of 1933, § 2-3009. The suit is one for damages against Dr. R. C. Swint, who, at the time the acts complained of were committed, was. superintendent of the Milledgeville State Hospital, an institution owned and operated by the State of Georgia. See Code of 1933, §§ 35-201 et seq. The suit was filed, and made returnable to the July term, 1934, of Baldwin superior court. In due time an answer and demurrers general and special were filed for the defendant, signed by counsel as follows: "M. J. Yeomans, attorney-general, Jno. T. Goree, assistant attorney-general, B. D. Murphy, assistant attorney-general." At the return term, the plaintiff filed a "formal motion to strike answer and demurrers and mark case 'in default.'" This motion was based on the theory that neither the attorney-general nor his assistants had any authority under the law to represent the defendant, and were expressly prohibited from doing so, and therefore that no proper answer had been filed. At the same term, and before the case was marked in default, the court, over objection of the plaintiff, allowed the firm name of "Sibley and Allen" to be marked on the pleadings as additional counsel appearing for the defendant, and refused to mark the case in default or strike from

the record the names of the attorney-general and his assistants. The plaintiff excepted to this order, and assigns error thereon.

■ When upon the call of the appearance docket no entry of default is made, the court may in its discretion, *even at a subsequent term,* permit a plea to be filed at any time before such entry has been made. *Hodgett* v. *Stewart,* 131 *Ga.* 67 (61 S. E. 1124); *Gordon* v. *Hudson,* 120 *Ga.* 698 (48 S. E. 131); *Chambless* v. *Livingston,* 123 *Ga.* 257 (51 S. E. 314); *Clifton* v. *Fiveash,* 122 *Ga.* 383 (50 S. E. 134). Even assuming, as contended by counsel for the plaintiff, that the attorney-general and his assistants were not authorized to appear and plead as counsel for the defendant, and that any pleadings filed by the attorney-general and his assistants were of no effect, yet, under the above rule that the trial judge may in his discretion, even after the appearance term, allow a plea to be filed where no entry of default has been made in the case, this court will not hold that the judge abused his discretion in allowing additional counsel to sign their names to the pleadings at the appearance term before any entry of default had been made on the docket.

■ Passing to the merits of the petition, challenged by the demurrer of the defendant and found subject thereto by the judge, we find that the facts as alleged in the petition fail to set forth any cause of action against the defendant. The action is essentially one against the defendant, as a physician, for malpractice. One theory of the petition is that he failed, after knowing or being advised of her condition, to render the plaintiff proper and necessary medical attention, to wit, an operation, he being under a duty to do so by reason of the fact that she was an employee of the Milledgeville State Sanitarium; and another, that in failing to do his duty in this respect he did actually advise her to wear an abdominal support and that her condition would correct itself, which advice she alleges was unprofessional and improper and given to her with the intent to cause her pain and injury. The obvious defect in the petition is that it fails to show that the relationship of physician and patient existed between the plaintiff and the defendant; and on the other hand it contains distinct allegations which show that the defendant never agreed to treat or advise her as *her* physician. "The relation is a consensual one wherein the patient knowingly seeks the assistance of the physician and the

physician knowingly accepts him as a patient." 21 R. C. L. 375. The petition repeatedly alleges the refusal to do anything for the plaintiff, and discloses nothing but a mere expression of opinion on his part that her condition would correct itself if she would wear an abdominal support, which statement of opinion was not shown to have been made under the relationship of physician and patient. Merely that the defendant was a physician and knew of the condition of the plaintiff would not devolve upon him the duty of rendering to her medical care, even though he was applied to for services by the plaintiff herself and through others; for there is no rule of law that requires a physician to undertake the·treatment of every patient who applies to him. "An act requiring a license before a person practices medicine is essentially a preventive, not a compulsory measure, and one who has secured a license according to statute is not liable for damages alleged to result from the refusal to take a case." 21 R. C. L. 379; Hurley v. Eddingfield, 156 Ind. 416 (59 N. E. 1058, 83 A. S. R. 198, 53 L. R. A. 135).

It remains only to be decided whether, because Dr. Swint was superintendent of the Milledgeville State Hospital, and the plaintiff was an employee thereof and needed medical attention, she thereupon automatically became his patient. It is true that if the law devolved upon him the duty of caring for her and made her his patient, he would be liable to her for a failure to exercise requisite skill and care. It is a general rule that "The physicians and surgeons of a hospital, public or private, enter into the relation of physician and patient with every patient brought into the hospital as soon as he is brought in." 21 R. C. L. 376. However, our own research has not revealed nor has counsel cited to us any law of this State which required that Dr. Swint, as physician and superintendent of the Milledgeville State Hospital, render "proper medical aid, treatment and attention," to the plaintiff. The Code, § 35-222, provides that it shall be the duty of the superintendent, "To reside constantly on the premises, and devote his professional services exclusively to the use of the hospital. . . To discharge all duties in any way connected with the restoration to health or sanity of the *inmates*." Also, that "lunatics, epileptics, idiots, and demented inebriates may become inmates of the hospital and shall be admitted to, and discharged from, the hospital under

such rules and regulations as the board of control shall prescribe." § 35-202. The allegations of the petition do not bring the plaintiff within any of the above classes, nor does it allege that she had been properly admitted to the hospital as a patient. Therefore it can not be said that under this theory she became a patient of Dr. Swint. The court did not err in dismissing the action on general demurrer.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*