### 25549.   GREGG *v.* FITZPATRICK *et al.*

304

DECIDED SEPTEMBER 26, 1936.

*Emerson H. George,* for plaintiff.

*C. S. Baldwin Jr., Noel P. Park,* for defendants.

JENKINS, P. J. In October, 1933, the plaintiff filed suit against a husband and wife, on a promissory note signed by them in Georgia and by a third person, payable at a bank in Florida, and secured by a mortgage on real estate in Florida. On the call of the appearance docket at the December term, 1933, the judge made this entry: "By consent of the attorney for plaintiff the defendants are allowed to Feb. 1st, 1934, to file demurrers and pleas in this case." The husband afterward died, but his executor, who was made a party, entered no defense. On March 2, 1935, the wife filed an answer, denying indebtedness and the receipt of any notice for attorney's fees, and setting up that she signed the note as surety for her husband, and that the note, given for Florida land, was void under the laws of that State. On March 29, 1935, the judge entered an order, allowing an amendment by the wife to her answer, which order recited that "this order is allowed by consent of the attorneys in this case," and provided that the filing and allowance be "subject to any demurrer by the plaintiff any time through May 6th, 1935." On

December 2, 1935, the court passed an order allowing another amendment to the answer. The wife's first amendment set·up in detail the defense that the note was a Florida contract, to be performed in that State, and that under its laws the note was void as to a married woman and effective only by an enforcement of the mortgage on the land. The second amendment admitted the execution and ownership of the note and a prima facie case, and relied only upon the affirmative defense claimed. On March 6, 1935, plaintiff filed a general demurrer to the *original plea and answer* of the wife, on the ground that it had been filed too late, that the entry on the docket "operated as a default," and that the answer disclosed no excuse or reason why the default should be opened. The plaintiff also demurred specially to the paragraphs of the original answer, pleading the defenses claimed. On May 4, 1935, the plaintiff demurred to the first amendment, generally on the ground that it stated no defense, and specially on a similar ground as to the particular paragraphs. On May 20, 1935, the court entered an order, overruling the demurrers to the defenses that the note was a Florida contract and controlled by the laws and decisions of that State, and that the note was executed by the wife only as a surety for her husband. On June 3, 1935, the court passed a supplemental order, overruling the ground of demurrer that the case was in default, and that the original answer was filed too late. Other than by a ground in the demurrer to the original answer, no objection to its filing appears. Nor does the record show any objection or exception to the allowance of either of the amendments to the original answer, or any motion to strike the same, or any demurrer or other attacking pleading, on the ground that either amendment was improperly allowed or filed because it was tendered or filed too late. There is no attack on either amendment save the first, and that is limited to grounds of the demurrer attacking the merits of the defenses. The court directed a verdict in favor of the.plaintiff against both defendants, but, as to the wife, limited the collection of the judgment to the mortgaged property, excepting the separate property owned by the wife. The plaintiff assigns error on exceptions pendente lite to the rulings on demurrer and on the refusal of a new trial on the grounds hereinafter indicated.

█ An entry of the words "in default," or the word "default,"

or "defl't" as an unmistakable abbreviation of such word, on the appearance docket of a superior court is essential to constitute a judgment that a case is in default and render it ripe for a final judgment at such time as the law provides. Code, § 110-401; *Albany Pine Products Co.* v. *Hercules Mfg. Co.,* 123 *Ga.* 270 (51 S. E. 297); *Fraser* v. *Neese,* 163 *Ga.* 843 (1-3, 5 *d*) (137 S. E. 550); *Jenkins* v. *Whittier Mills Co.,* 20 *Ga. App.* 828 (93 S. E. 530); *Brawner* v. *Maddox,* 1 *Ga. App.* 332 (58 S. E. 278). Unless and until there is such an entry, or a special order of default (which is no longer necessary under our statute), the time for a defendant to file a general demurrer or a plea or answer on the merits is accordingly prolonged. *Gordon* v. *Hudson,* 120 *Ga.* 698 (48 S. E. 131); *Davis* v. *S. C. R. Co.,* 107 *Ga.* 420, 422 (33 S. E. 437); *McKenzie's Sons & Co.* v. *Consolidated Lumber Co.,* 142 *Ga.* 375 (82 S. E. 1062); *Gillis* v. *A. C. L. R. Co.,* 127 *Ga.* 678 (56 S. E. 1003); *Dove* v. *Alford,* 23 *Ga. App.* 195 (97 S. E. 890); *Burson* v. *Lunsford,* 53 *Ga. App.* 411 (186 S. E. 213), where the question and the cases are fully discussed. Accordingly, in the instant case, the mere entry on the docket, that by consent of counsel the defendant was allowed until a stated time to file demurrers and pleas, did not of itself constitute an order of default. There was no motion for entry of such a default because the consent entry was not complied with. There was no objection to the allowance of, and no motion to strike, the defendant's amendments to her original answer on the ground that they were tendered and filed in violation of the docket entry. On the contrary, the order allowing the first, essential amendment recited that it was allowed by consent, subject to demurrer. There was no demurrer on the ground of belated filing. Therefore, since the gist of the defenses in the original answer was contained in the amendments, and there was no attack upon them by any form of pleading because they were filed too late, any error in not dismissing the original plea and answer upon demurrer on this ground would be harmless; irrespective of the merits of this ground in the demurrer, and irrespective of whether or not such an attack as to the time of filing, requiring reference beyond the pleadings to the appearance docket, could be properly raised by demurrer rather than by the usual procedure of a motion to strike the pleading as filed or allowed too late when filed without oppor-

tunity to object, or by objections to the allowance when such opportunity existed; a demurrer ordinarily raising only those questions which are presented on the face of the pleadings themselves. See *Warren* v. *Powell,* 122 *Ga.* 4 (49 S. E. 730); *Battle* v. *Durham,* 11 *Ga.* 7; *Lippman* v. *Ætna Ins. Co.,* 120 *Ga.* 247 (2), 250 (47 S. E. 593); *Pedrick* v. *McCall,* 80 *Ga.* 491 (5 S. E. 633); *Cook* v. *Childers,* 94 *Ga.* 718 (19 S. E. 819).

■ Although the note sued on was signed by the husband and the wife in Georgia, it was executed by the other signer in Florida; the payee lived in Florida; the contract was to be performed in Florida; and the subject-matter was entirely in Florida. Therefore the judge did not err in ruling, under the pleadings and evidence, that the transaction was a Florida contract, the validity of which as to the wife was controlled by the statutes and decisions of that State. *Hager* v. *National German-American Bank,* 105 *Ga.* 116, 119 (31 S. E. 141); *Birdseye* v. *Underhill,* 82 *Ga.* 142 (7 S. E. 863, 2 L. R. A. 99, 14 Am. St. R. 142); *Slaton* v. *Hall,* 168 *Ga.* 710, 715 (148 S. E. 741, 73 A. L. R. 891). As was stipulated in the brief of evidence, "under the laws and constitution of the State of Florida, in force when the note sued on was made and continuously since, the note of a married woman is not, as such, enforceable against her in law or equity;" and "when a creditor accepts from a married woman a mortgage on particular property to secure the purchase-money thereof, he can not seek to subject other property of the married woman's estate, even though the creditor be a bona fide purchaser for value of a negotiable instrument before maturity." See Dollner *v.* Snow, 16 Fla. 86; Lewis *v.* Yale, 4 Fla. 418; Citizens Bank & Trust Co. *v.* Smith, 97 Fla. 601 (121 So. 900); American Bank & Trust Co. *v.* Rogers, 103 Fla. 791 (137 So. 884); Blood *v.* Huey, 97 Fla. 517 (121 So. 896); Blood *v.* Hunt, 97 Fla. 551 (121 So. 886); Cornell *v.* Ruff, 105 Fla. 504 (141 So. 535).

■ Exception is taken to the admission of a certified copy of an original deed, executed by the payee, at the time of the mortgage and note sued on, to the defendant husband and the comaker of the note, who resided in Florida, covering the property included in the mortgage. Preliminary proof was made that the instrument was not in the hands of any party served with process in the case, and could not be found after diligent search among

308

the papers of the deceased grantee, the defendant husband residing in Georgia. The only other person entitled to or likely to have in his possession the deed being the other grantee, and such grantee residing in Florida, so as to place the original instrument, in that event, beyond the jurisdiction of the court, the certified copy was properly admitted as secondary evidence, even though no interrogatories of the Florida grantee were taken to show that the original was not in his possession. Code, §§ 38-212, 38-609; *Pullin* v. *McGee*, 143 *Ga.* 184 (84 S. E. 443); *Stewart* v. *Randall*, 138 *Ga.* 796 (76 S. E. 352); *Tilley* v. *Cox*, 119 *Ga.* 867 (47 S. E. 219); *Keen* v. *Georgia Trading & Development Co.*, 149 *Ga.* 264 (2) (99 S. E. 888); *Hayden* v. *Mitchell*, 103 *Ga.* 431, 435 (30 S. E. 287); *Sims* v. *Scheussler*, 2 *Ga. App.* 466, 469 (58 S. E. 693); *Gary* v. *State*, 7 *Ga. App.* 501 (67 S. E. 207).

■ Under the foregoing rulings, the court properly directed the verdict, and properly limited the collection of the judgment to the mortgaged property, excluding the separate property of the wife. The remaining grounds, relating to admission of alleged irrelevant testimony of the wife that she had nothing to do with the preparation of the papers in the deed and mortgage transaction in which the note sued on was given, discussed it with nobody, never went to Florida until just before the trial, knew nothing about the property described in the deed, and never owned any real estate in Florida, are without merit. In so far as part of this testimony tended, like the deed, to show that the mortgage was given for the purchase-money of the property deeded to the husband and the Florida grantee, and that the wife received no part of the money and no interest in the property, such part was relevant. The remaining part, even if irrelevant, could not have affected the result of the case or influenced the jury, and therefore its admission was harmless to the plaintiff.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*