36083. WHITSETT *v.* HESTER-BOWMAN ENTERPRISES, INC., *et al.*

DECIDED MAY 1, 1956—REHEARING DENIED JUNE 14, 1956.

*Davis & Friedin,* for plaintiff in error.

*Lokey & Bowden, Hamilton Lokey, Scott S. Edwards, Jr.,* contra.

NICHOLS, J. ■ The plaintiff in error strongly contends that she was entitled to judgment by default against both defendants because the trial court erred in refusing to strike the defensive pleadings filed after the case became in default.

Under the Act of 1946 (Code, Ann. Supp., §§ 110-401 and 110-404) a case to which no defensive pleadings are filed becomes automatically in default on its appearance day. The defendant may, within a 15-day period after the appearance day, automatically reopen the default by paying the costs and filing his defensive pleadings. After such 15-day period has elapsed the defendant may still open the default upon payment of costs providing the court in its discretion "from all the facts, shall determine that a proper case has been made for the default to

be opened," where the defendant also offers to plead instanter and announces ready for trial. Under the law prior to the amendment of 1946, where no entry of default has been made on the docket the court may, at a subsequent term, permit the plea to be filed at any time before such entry has been made. *Buttersworth* v. *Swint*, 53 *Ga. App.* 602 (186 S. E. 770). Accordingly one effect of the 1946 act was to make it unnecessary for the trial court to enter up an order allowing the defendant to file pleas within such 15-day period. Another effect was to make it unnecessary for a "default" to be entered on the docket in order for the case to become automatically in default. Prior to that time, where there was no entry on the docket, the time for filing pleas was thereby prolonged. *Gregg* v. *Fitzpatrick*, 54 *Ga. App.* 303 (187 S. E. 730).

The petition here became automatically in default when the appearance day passed without the filing of defensive pleadings. Thereafter, during the 15-day period when the defendant might as a matter of right open the default by paying costs, he did so. The order of court, obtained ex parte, to the effect that "defendants have paid all costs and have offered to file defensive pleadings within 15 days," and the judgment that the "default is hereby opened and defendants are authorized to herewith file defensive pleadings" was unnecessary and unauthorized under the new rules of procedure. The court now has no discretion, and accordingly no jurisdiction to decide the issue of whether or not the defendant may file defensive pleadings within such 15-day period, except that the court, in the exercise of his inherent power, would be the arbiter in case of dispute as to whether or not the costs had been paid. Whether this lack of jurisdiction on the part of the court to decide whether or not defensive pleadings may be filed within this period would result in the ex parte order entered up by him being entirely void it is not necessary to decide here, however, for the reason that the same result would have been reached whether the order had been entered or not.

Several terms later the plaintiff moved to strike from the docket the defensive pleadings on the ground that all the costs had not been paid and the default, in consequence, had not been legally opened by the defendant. Testimony was heard on this

motion. The clerk testified "that he computed the costs and ascertained that $9 was all the costs due in the said case, that he knew of no other costs due and chargeable at that time in said case; the said $9 was paid."

While not "collecting officers" (*Lewis* v. *Smith*, 99 *Ga.* 603, 604 (27 S. E. 162) superior court clerks are by law charged with the duty of receiving the amounts of all costs due in the court of which they are clerks. Code § 24-2720 (2). They are charged with the duty of charging and collecting the fees prescribed by law in Code § 24-2727. Under common practice, the amount of the costs is computed by clerks. It was held in *McDonald* v. *Wimpy*, 204 *Ga.* 617 (50 S. E. 2d 347), that if a clerk charges a party litigant costs where the same are not due, this would be a contempt of court, but would not be an injury of which the plaintiff in error could complain. The converse should also be true—that is, in cases where the clerks are on a salary basis and the costs belong to the county, failure to charge sufficient costs would be a matter between the clerk and the county, and might subject the clerk to a contempt proceeding, but would not affect the rights of parties litigant. Where an issue of fact is formed as to whether the docket entry showing costs charged to have been paid is correct, the court may properly decide this issue after hearing testimony, in accordance with his inherent power as judge to see that the records of his court speak the truth. The court here heard such testimony on the motion of the plaintiff to strike the defensive pleas, and his order denying the motion constitutes an adjudication that the defendant complied with the terms of Code § 110-401 as to the opening of defaults within a 15-day period as a matter of right. This finding was demanded by the evidence, provided the defendant had a right to rely upon the clerk's statement as to the amount of costs due. He did have such right, since court costs are a matter to be handled by courts rather than by parties litigant. Accordingly, there was no error in overruling the motion.

■ The allegations of the plaintiff's petition show that she was an invitee on premises *under the control and supervision of the defendants,* and that the defendant Harvey Hester was an officer, agent, and employee of the defendant corporation. Therefore, the allegations of negligence in the plaintiff's petition, as

against a general demurrer, apply equally to both defendants.

The allegations of the petition show that the plaintiff fell and was injured while an invitee in a restaurant owned by the defendant corporation at about eight in the evening, that at the time of the plaintiff's arrival at the restaurant it was crowded, that the plaintiff had to wait for a table, that through an unidentified attendant the defendant signified to the plaintiff that a table was available, whereupon the plaintiff started to walk toward the place where the table was located at which she was to be seated, that the place where she was standing was at a higher level than the table, but that this fact was not known to the plaintiff, and because of the candlelight and dimmed light effect employed by the defendant that the plaintiff was unaware of the danger and mantrap thus made, and upon starting to walk she fell with great force upon the flagstone floor of the area where the table was located, that no railing, rope, or other device was employed to warn the plaintiff of the stepdown, nor had she been warned of the said stepdown, that the defendants had reason to anticipate that the failure to warn the public of the danger would result in the infliction of injuries, and that such failure to provide notice constitutes negligence. The plaintiff alleges elsewhere in her petition that the failure of the defendants to maintain and provide a sufficient degree and kind of light so as to disclose to the plaintiff the difference in floor level proximately caused the injuries complained of.

It is contended that *Mattox* v. *Atlanta Enterprises,* 91 *Ga. App.* 847 (87 S. E. 2d 432), and the cases cited therein control the instant case. In that case the plaintiff knowingly descended a dark stairway, and this court held that this action by the plaintiff was a failure to exercise ordinary care for her own safety. Such facts are not presented in the present case.

Under the decisions of this court in *Sheraton Whitehall Corp.* v. *McConnell,* 88 *Ga. App.* 725 (77 S. E. 2d 752), *Pilgreen* v. *Hanson,* 89 *Ga. App.* 703 (81 S. E. 2d 18) and similar cases, the petition in the present case shows that the floor of the restaurant operated by the defendant corporation had two levels and due to the candle and other dim lights employed by the defendant corporation the plaintiff was unable to see this difference in the floor levels, that while walking in the direction of the table signi-

fied to her by an attendant as the table where she was to be seated, and she fell because of this difference in the floor levels, and was injured, and fails to show *as a matter of law* that the plaintiff was failing to exercise ordinary care for her own safety at the time she received the injury complained of, and the petition is good as against a general demurrer.

It is contended that since the petition does not allege that the corporation was negligent *through its agents* it was subject to the general demurrer. "In an action founded upon negligence, mere general averments of negligence are sufficient as against a general demurrer; but when a special demurrer is filed raising the objection that the allegations are too general, the particulars of the negligence must be set forth." *Hudgins* v. *Coca-Cola Bottling Co.*, 122 *Ga.* 695 (1) (50 S. E. 974). In the present case no special demurrer was filed to the petition based on this ground; therefore this contention of the defendant corporation is necessarily without merit. '

The trial court erred in sustaining the general demurrer of the defendant corporation.

*Judgment affirmed in part, and reversed in part. Felton, C. J., concurs. Quillian, J., concurs specially.*

QUILLIAN, J., concurring specially. I concur in the majority opinion. However, I think that it should be pointed out that the rule laid down in the second division of the opinion is not applicable in those cases in which, despite the general allegations of negligence, it affirmatively appears from the averments of the petition that the defendant's conduct did not constitute a breach of any duty he legally owed the plaintiff.